W. W. BOGEL, JR., v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE.

No. 1848.   Decided June 9, 1909.

**School Lands.**

Where an applicant for the purchase of several sections of school land, and to whom same has been awarded, has lost the right to the one designated as his home in suit by an adverse claimant, the Land Commissioner properly canceled the sale to him of the other tracts dependent upon his settlement on the home section, in the absence of proceeding on his part to designate another of the tracts applied for as his home until after the rights of others applying to purchase the tracts once awarded to him had intervened.   (Pp. 496, 497.)

Original application by Bogel to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*Chas. Rogan,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

It is unnecessary to make a statement of the complicated facts of this case as it is not probable another like it will arise in future. We shall only indicate in brief form for the information of the parties the reasons for the refusal of the mandamus.

Applicant's purchase of all the tracts involved in this suit depended on his purchase, as a home, of section 200, which was afterwards adjudged to Rawls. The sales to applicant of the other tracts, resting as they did upon that of the designated home tract, could not stand when the latter was found to be invalid, and the Commissioner was right in cancelling them. It is true that if No. 200 had originally been awarded to Rawls, as it should have been, it would have been the Commissioner's duty to notify relator of this as a reason why the additional tracts could not be sold to him unless one of them should be designated for a home; and we shall assume that the right to designate another home still existed after the judgment was rendered in the Rawls case. But this is not a reason why the Commissioner should have allowed to stand the sale as previously made based on No. 200 as a home, and is therefore not a reason why the Commissioner should be required to reinstate that sale.

The statute does not contemplate that when an obstacle is found to the sale of a designated home section, a sale shall nevertheless

be made of the other lands applied for, leaving the purchaser thereafter to designate one of them as a home; but intends that the applications shall be held up until the opportunity to designate has been given and that they shall be granted if the designation be made and rejected if it be not made. Consequently the Commissioner did what he ought to have done when he set aside all the sales to relator and thus left the matter as if no sale had ever been made. This application is to compel the reinstatement of those sales and not to require the making of others based upon a designation of another tract as the home. This is enough to justify the refusal of the writ, but we may as well go further and say that applicant shows no right to have a new award of the land made to him. If, when he lost his home section to Rawls, he could have bought the other tracts by pursuing the course prescribed by the statute, he has not done so. While he had settled on No. 14, he has never made the proper affidavit showing that fact and designating that tract as his home. He endeavors to avoid this by saying that the Commissioner has never notified him that he could do so. But he was charged by law with notice that he could not hold the additional tracts under the award based upon the sale of No. 200 as the home tract, when that award was invalid. He was a party to the cause in which it was declared to be invalid, and, therefore, necessarily knew of the necessity of procuring a new award by designating another tract as his home. Instead of doing that he has insisted merely upon the reinstatement of an illegal sale, until the land has been sold to others, and he is not now in a position to complain.

The mandamus to require sales of some of the tracts upon the second applications stated in the petition can not be granted for the reason that there was no valid purchase of a home tract upon which such a sale could rest. There may be other reasons suggested by the facts stated in the petition, but that given is sufficient.

*Mandamus refused.*